IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   No.   20-2196<br>) |
| T-N-T RAILROAD CONTRACTORS, INC. | )<br>) |
| Defendant. | ) |

## COMPLAINT

NOW COMES plaintiff, RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, by their attorneys, CAVANAGH & O'HARA LLP, complaining of the defendant, T-N-T RAILROAD CONTRACTORS, INC., and alleges as follows:

### Jurisdiction

1.  This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA").

2.  This court has jurisdiction over this case because federal district courts have exclusive jurisdiction under ERISA over civil cases like the present action.  (*See* 29 U.S.C. §1132).

### Venue

3.  Venue for civil cases like the present case is proper in a federal district court where the breach took place, where a defendant resides or may be found, or where the plan is

administered. *See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

4. Venue is proper in this court because defendant's principal place of business is in Moultrie County, Illinois, which is located within the judicial district of the district court for the Central District of Illinois, Urbana division.

## PARTIES

5. Plaintiff is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of an Agreement and Declaration of Trust, as amended and restated (the "trust agreement") (a copy of the trust agreement is attached hereto as Exhibit "A" and is fully incorporated herein and made a part hereof by this reference).

6. Defendant is an Illinois corporation doing business in Illinois with a principal place of business in Dalton City, Illinois.

## Factual Allegations

7. Defendant has been, at all material times, an "employer" within the meaning of § 3(5) of ERISA, and 29 U.S.C. §§ 152(2) and 1002(5).

8. Defendant has been, at all material times, engaged as a contractor or subcontractor in the industry of railroad work, and has been and continues to be an employer in an "industry affecting commerce" as defined by § 3(12) of ERISA, and 29 U.S.C. §1002(12).

9. Defendant has been, at all material times, a party to or otherwise bound by a collective bargaining agreement (the "collective bargaining agreement") between the national railroad construction and maintenance association and the international union of North America

and LIUNA local union 773 and international union of operating engineers, AFL-CIO and IUOE local union 150 (collectively the "Union") (a copy of the collective bargaining agreements are attached hereto as Exhibit "B" and is fully incorporated herein and made a part hereof by this reference).

10. Pursuant to the collective bargaining agreement, Defendant is bound by the plaintiff's trust agreement.

11. Defendant employs or has employed members of the Union, who are also participants in the employee benefit fund administered by the plaintiff pursuant to the collective bargaining agreement to which defendant is a party or otherwise bound.

12. Defendant has employed individuals who performed hours of bargaining unit work for which fringe benefit contributions are owed to the plaintiff under the provisions of the collective bargaining agreement and trust agreement for the period of June 1, 2013 to present.

13. Defendant is required under the collective bargaining agreement and trust agreement to pay contributions to plaintiff for the hours of bargaining unit work performed by its employees each month.

14. Pursuant §1145 of ERISA, the defendant is required to pay fringe benefit contributions to the plaintiff in accordance with the terms and conditions of the trust agreement. *See* 29 U.S.C. §1145.

15. Defendant is required under the collective bargaining agreement and trust agreement to provide plaintiff with written reports each month detailing hours worked by its employees and the contributions that are owed to plaintiffs (the "remittance reports").

16. Defendant's remittance reports with payment of fringe benefit contributions owed are due to the plaintiff by the 15th day of the month following the month in which the hours were worked by defendant's employees.

## COUNT I
### Payroll Examination / Delinquent Contributions

1-16. Plaintiff re-asserts and re-alleges paragraphs 1 through 16 as paragraphs 1 through 16 of count I as if fully set forth herein.

17. Plaintiff engaged a certified public accounting firm to examine the payroll books and records of the defendant for the period of June 1, 2013 to May 31, 2017, to determine whether defendant complied with its obligations to pay the fringe benefit contributions and dues to the plaintiff as required under the collective bargaining agreements, and trust agreement.

18. A true and accurate copy of the payroll examination findings is attached hereto as Exhibit "C" and fully incorporated herein and made a part hereof by this reference.

19. The payroll examination determined that defendant failed to report certain hours worked by certain employees to the plaintiff over the examination period.

20. The payroll examination determined that defendant failed to pay all fringe benefit contributions and dues that were owed to the plaintiff for certain hours worked by defendant's employees over the examination period.

21. The payroll examination determined that defendant failed to pay plaintiff fringe benefit contributions in the sum of $44,051.23.

22. Defendant breached the provisions of the collective bargaining agreement and trust agreements by failing to timely report hours worked by its employees and paying the contributions

that were owed to the plaintiff.

23.	Pursuant to applicable provisions of ERISA, the collective bargaining agreement and the trust agreement, defendant owes interest on delinquent contributions.

24.	Pursuant to applicable provisions of ERISA, the collective bargaining agreement and the trust agreement, defendant owes liquidated damages on delinquent contributions.

25.	Defendant owes the plaintiff interest and through June 30, 2018 in the amount of $13,335.21 based upon the audit findings.

26.	The plaintiff incurred total audit costs of $3,456.83, which defendant is responsible for paying under the terms of the trust agreement.

27.	Plaintiffs have demanded that defendant pay plaintiff the contributions and other amounts owed, but defendant has refused or otherwise failed to pay to plaintiffs the contributions and other amounts owed.

28.	Pursuant to the terms of the collective bargaining agreement and trust agreement, the defendant is liable for audit costs, reasonable attorneys' fees, court costs and all other reasonable expenses incurred by plaintiff in the collection of delinquent contributions.

WHEREFORE, plaintiff prays as follows:

A.	That judgment is entered in favor of plaintiff and against defendant for $59,527.92, plus liquidated damages, and attorneys' fees and costs;

B.	That defendant is decreed to pay any additional liquidated damages owed under the plaintiff's trust agreement and policies based upon the audit findings through the date of judgment;

C.	That defendant is decreed to pay to the plaintiff its reasonable attorneys' fees and

costs, as may be provided by the collective bargaining agreement, the trust agreement, and ERISA (29 U.S.C. Section 1132(g)(2));

      D.      That defendant is decreed to pay all costs attendant to these proceedings;

      E.      That plaintiff is awarded, at defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

## COUNT II
### Late Penalties

1-16.    Plaintiff re-asserts and re-alleges paragraphs 1 through 16 as paragraphs 1 through 16 of count II as if fully set forth herein.

17.    Defendant failed to provide plaintiff with Defendant's remittance reports with payment of fringe benefit contributions owed by the 15th day of the month following the month in which the hours were worked by defendant's employees for certain months during the period of March of 2011 through April of 2020.

18.    Defendant breached the provisions of the trust agreement by not timely providing plaintiff with Defendant's remittance reports with payment of fringe benefit contributions owed for certain months during the period of March of 2011 through April of 2020.

19.    Pursuant to applicable provisions of the plaintiff's trust agreement, defendant owes a late fee and interest on delinquent contributions.

22.    The plaintiff has demanded defendant pay late fees and interest owed to the plaintiff, but defendant has refused or failed to pay the plaintiff these amounts.

23.    Defendant breached the provisions of the trust agreement by not paying plaintiff

the late fees and interest owed for the failure to timely provide plaintiff with remittance reports with payment of fringe benefit contributions owed for certain months during the period of March of 2011 through April of 2020.

20. Defendant owes Plaintiff liquidated damages in the form of late fees, penalties and interest in the sum of $3,263.25 for the failure to timely provide plaintiff with Defendant's remittance reports with payment of fringe benefit contributions owed for certain months during the period of March of 2011 through April of 2020.

21. A summary of the late fees and interest of $3,263.25 owed to plaintiff is attached hereto as Exhibit "D" and fully incorporated herein and made a part hereof by this reference.

WHEREFORE, plaintiff prays as follows:

A. That judgment is entered in favor of plaintiff and against defendant for $3,263.25;

B. That defendant is decreed to pay any additional liquidated damages owed under the plaintiff's trust agreement and policies based upon the audit findings through the date of judgment;

C. That defendant is decreed to pay to the plaintiff its reasonable attorneys' fees and costs, as may be provided by the collective bargaining agreement, the trust agreement, and ERISA (29 U.S.C. Section 1132(g)(2));

D. That defendant is decreed to pay all costs attendant to these proceedings;

E. That plaintiff is awarded, at defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

## COUNT III
### Compel Bond

1-16.     Plaintiff re-asserts and re-alleges paragraphs 1 through 16 as paragraphs 1 through 16 of count I as if fully set forth herein.

17.     Defendant did not timely provide plaintiff with Defendant's remittance report with payment of fringe benefit contributions owed for the months of January, February, March, April and May 2020.

18.     Defendant has been delinquent in the payment of fringe benefit contribution in the twelve (12) months immediately preceding defendant's delinquency.

19.     Pursuant to applicable provisions of the plaintiff's trust agreement, the trustees may require defendant to present a wage/fringe benefit bond.

20.     Plaintiff demanded defendant provide a fringe benefit bond in the amount of $25,000.00 under the applicable provisions of the trust agreement, but defendant has refused or failed to provide the plaintiff with a fringe benefit bond in the amount of $25,000.00.

21.     Defendant breached the provisions of the trust agreement by not providing plaintiff a fringe benefit bond in the amount of $25,000.00.

WHEREFORE, plaintiff prays as follows:

A.     That defendant is ordered to provide plaintiff with a fringe benefit bond in the amount of $25,000.00 without 30 days of being ordered to do so by this Court;

B.     That judgment is entered in favor of plaintiff and against defendant;

C.     That defendant is decreed to pay to the plaintiff its reasonable attorneys' fees and costs, as may be provided by the collective bargaining agreement, the trust agreement, and ERISA

(29 U.S.C. Section 1132(g)(2));

  D. That defendant is decreed to pay all costs attendant to these proceedings;

  E. That plaintiff is awarded, at defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

        RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, Plaintiff,

        By: s/ John P. Leahy
          JOHN P. LEAHY
          CAVANAGH & O'HARA LLP
          Attorneys for Plaintiffs
          2319 West Jefferson Street
          Springfield, IL 62702
          (217) 544-1771 – Telephone
          (217) 544-9894 – Facsimile
          johnleahy@cavanagh-ohara.com